**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Herbert PEA, Defendant–Appellant.**

**No. 04–30681**

**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

Josette Louise Cassiere, Assistant U.S. Attorney, Kevin Zolot, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

anita D. McKeithen, McKeithen Law Office, Shreveport, LA, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Herbert Pea appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base. He argues for the first time on appeal that his sentence violated *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The district court's enhancement of Pea's sentence based upon drug amounts not charged in the indictment and his possession of a firearm during the offense was plainly erroneous because those facts were not proven to a jury or admitted by Pea. *See Booker*, 125 S.Ct. at 756, 764–65; *United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Pea has not shown, however, that the error affected his substantial rights. *See Mares*, 402 F.3d at 520–21. Pea argues that he does not have to show that the error affected his substantial rights because the error is structural or because the error should be presumed prejudicial. These arguments

---

are foreclosed. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir. 2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.